UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELLI DUSSAULT, individually and as legal guardian for minor children, T.D. (minor child), J.D. (minor child), and M.D. (minor child)

        Plaintiff,

v.

KNICKERBOCKER PROPERTIES, INC. XLI and ASPEN SQUARE MANAGEMENT, INC.,

        Defendants.
_____/

Case No:   2:15-cv-718-FtM-99MRM

## **ORDER**[1]

This matter comes before the Court on Defendant Aspen Square Management, Inc.'s Show Cause Response and Request for Evidentiary Hearing or, in the Alternative, for Leave to Conduct Jurisdictional Discovery (Doc. #16) filed on November 24, 2015.

## **BACKGROUND**

On October 26, 2015, Plaintiffs filed an amended complaint against Defendants Knickerbocker Properties, Inc. XLI ("Defendant Knickerbocker") and Aspen Square Management, Inc. ("Defendant Aspen") in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.  (Doc. #2 at 1).  In the Amended Complaint, Plaintiffs allege negligence claims against both Defendants for injuries sustained due to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

living in an apartment owned and managed by Defendants. (Doc. #2 at 6-9). On November 18, 2015, Defendant Aspen timely filed a Notice of Removal (Doc. #1), citing diversity jurisdiction under 28 U.S.C. § 1332 as grounds for the removal.

By Order dated November 20, 2015 (Doc. #8), the Court, on a *sua sponte* review, directed Defendants to show cause as to why this case should not be remanded for failure to establish subject matter jurisdiction based on the presence of diversity jurisdiction at the time of removal. Although the Court found that Defendants satisfied the diversity of citizenship prong, the Court noted that Defendants speculated as to the amount in controversy based on the categories of damages demanded. (Doc. #8 at 2-3).

In accord with the Court's direction, Defendant Aspen filed a response addressing the amount in controversy, which the Court now considers.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A defendant may remove a civil case from state court provided the case could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal bears the burden of establishing diversity jurisdiction as of the date of the removal. See *Moreland v. SunTrust Bank*, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013)

(citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003)). Removal jurisdiction raises significant federalism concerns, and thus removal statutes are to be strictly construed. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. See *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

With these principles in mind, the Court will address whether the amount in controversy has been met in this case.

## DISCUSSION

In the Amended Complaint, Plaintiffs demand damages "in excess of $15,000." (Doc. #2 at ¶ 1). According to Plaintiffs, damages caused by Defendants include bodily injury; pain and suffering; disability; consortium of their totally disabled mother; mental anguish; aggravation or activation of a pre-existing condition; loss of capacity for the enjoyment of life; loss of earnings; loss of earning capacity in the future; medical, palliative and rehabilitative costs in the past and in the future; and all other damages allowable by law. (Doc. #2 at ¶¶ 48, 55). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement." See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319. The court has discretion

to determine whether to allow jurisdictional discovery when the court's subject matter jurisdiction is in dispute. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits").

Defendant Aspen submits an Affidavit of Mark A. Steinberg, Esq. ("Affidavit") (Doc. #16-1) as proof of its good faith allegation that the amount in controversy more likely than not exceeds $75,000. The Affidavit subsists of a damage appraisal made by Steinberg after reviewing the Amended Complaint. (Doc. #16-1 at ¶ 5). Should the Affidavit fail to satisfy the sufficiency demands of the Court, Defendant Aspen requests an opportunity to present Steinberg's opinion at an evidentiary hearing or, alternatively, leave to conduct jurisdictional discovery. (Doc. #16 at 4).

Defendant Aspen falls short of demonstrating that the Affidavit adequately establishes the amount in controversy. Prior to the filing of the Affidavit, the Court noted the lack of factual details about how Plaintiffs were injured or the nature and severity of their injuries. (Doc. #8 at 3). The Affidavit attempts to remedy this issue by providing details concerning the abnormal mold growth and dissemination in Plaintiffs' apartment. (Doc. #16-1 at ¶ 7).

The Affidavit further makes mention of Defendant Knickerbocker's insurance adjuster estimating Plaintiffs' property damage at $50,000. (Doc. #16-1 at ¶ 9). While the Court acknowledges the amount of $50,000 alleges an amount in controversy, it remains unpersuaded as to how the remaining $25,000 is established. The Affidavit assumes that should Plaintiff, Kelli Dussault, be proven totally disabled, Plaintiffs would seek loss of earning capacity in the future. (Doc. #16-1 at ¶ 12). The Affidavit relies on

Plaintiff Dussault's listed wages of $15,600 on the Florida Housing Finance Corporation Tenant Income Certification. (Doc. #16-1 at ¶ 12). Based off this listed income, Steinberg purports that Plaintiff Dussault need only be expected to work for five more years to exceed the amount in controversy above $75,000. (Doc. #16-1 at ¶ 12). Without more evidence, the Court finds the assumptions made in the Affidavit speculative and insufficient to satisfy the amount in controversy. *See Pretka*, 608 F.3d at 751 ("[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover").

The Court additionally points to the lack of sufficiency present in establishing the amount in controversy for each Plaintiff. In the Affidavit, Steinberg only accounts for his experience with "cases of this type" and concludes the loss of consortium for the minor Plaintiffs' "'totally disabled mother'" would exceed $75,000 for each minor Plaintiff. (Doc. #16-1 at ¶ 10). The Affidavit goes on to state, "[C]onsidering the medical complexity of treating injuries for mold and its purported cause of 'severe and permanent physical and emotional injuries', the amount at issue for the compensation for medical care of each of the four plaintiffs likely would exceed $75,000." (Doc. #16-1 at ¶ 11). Without more evidence, the Court reiterates the speculative nature of these statements and again finds the statements insufficient to satisfy the remaining amount in controversy. *See Pretka*, 608 F.3d at 751.

Consequently, the Court finds Defendant Aspen fails to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams*, 269 F.3d at 1319. Although Defendant Aspen relies on Steinberg's Affidavit, the Affidavit does no more than to suggest figures that exceed $15,000 but fails to prove

how the amount in controversy exceeds $75,000.  The Court will note that it is Defendant Aspen's burden to prove the amount in controversy at the time of removal.  *Pretka*, 608 F.3d at 751; *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (a court may consider evidence post-removal "but only to establish the facts present *at the time of removal*" (emphasis added)).

The Court has already provided Defendant Aspen an opportunity to show cause and as such, the Court denies Defendant Aspen's request for an evidentiary hearing or, alternatively, leave to conduct jurisdictional discovery.  *Compare Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-66 (11th Cir. 2010) (district court was not speculative in concluding the amount in controversy was met where egregious conduct was alleged), *with Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 916-17 (11th Cir. 2014) (district court did not err in remanding to state court where defendant failed to establish by a preponderance of the evidence the amount of incentive compensation).  At this point in the litigation, the Court is compelled to remand this case to state court.[2]

Accordingly, it is now

**ORDERED:**

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

---

[2] As an addendum, Plaintiffs have since filed a Consent Motion for Leave to File Second Amended Complaint (Doc. #22) on December 17, 2015. Again, the Court reiterates that for purposes of determining removal the Court may only consider the operative pleadings on which the removal was based.

(3) The Clerk is **DIRECTED** to close this case, terminate any scheduled hearings and deadlines, and deny any pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of December, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record